UNITED STATES of America,
Plaintiff—Appellee,

v.

Ira RIGGS, aka Ira Lyndell Riggs,
Defendant—Appellant.

No. 05–10116.

United States Court of Appeals,
Ninth Circuit.

Submitted June 13, 2006.*

Decided June 15, 2006.

Kurt M. Altman, Esq., USPX—Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Michele R. Moretti, Esq., Lake Butler, FL, for Defendant–Appellant.

Before: GOODWIN, O'SCANNLAIN, and THOMAS, Circuit Judges.

## MEMORANDUM **

Ira Riggs, Appellant, was convicted after a three-day jury trial on one count of second degree murder in Indian country, a violation of 18 U.S.C. §§ 1153, 1111. Prior to the trial, the district court gave a sequestration order prohibiting the witnesses from discussing the case with third parties. On the first day of trial, Detective Bighorse, a Navajo investigator, inadvertently discussed Riggs' case with other investigators when the government's star witness was present. Riggs moved for a mistrial. The district court held a hearing and found that Riggs had suffered no prejudice because the star witness's testimony was not affected by Detective Bighorse's comment. The district court denied Riggs' motion for a mistrial, but allowed Riggs to cross-examine Detective Bighorse in front of the jury regarding the comment he made in front of the star witness. According to Riggs, the district court abused its discretion by denying the motion for mistrial.

A district court's denial of a mistrial motion is reviewed for an abuse of discretion. *United States v. English*, 92 F.3d 909, 912 (9th Cir.1996). Similarly, the proper sanction for a sequestration order violation "is a matter which lies within the

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

sound discretion of the trial court." *United States v. Avila–Macias,* 577 F.2d 1384, 1389 (9th Cir.1978). In this case, the district court allowed Riggs to cross-examine Detective Bighorse in front of the jury for violating the sequestration order, which is a recognized method—if not the preferred method—of remedying a violation of a sequestration order. *See United States v. Erickson,* 75 F.3d 470, 480 (9th Cir.1996). The record contains nothing to indicate that the trial court abused its discretion.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.